**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**DANNY THOMAS and**                                                                        **PLAINTIFFS**
**IRMA THOMAS, Individually and on**
**Behalf of a Class of Similarly Situated Persons**

**vs**                                     **3:09CV00120-WRW**

**SOUTHERN PIONEER LIFE INSURANCE**                             **DEFENDANT**
**COMPANY**

**ORDER**

Pending is Plaintiffs' Amended Motion to Remand (Doc. No. 17). Defendant has responded.[1] For the reasons set out below, Plaintiffs' Motion is GRANTED.

**I.     BACKGROUND**

On July 8, 2009, Plaintiffs filed a class-action lawsuit against Defendant in Greene County, Arkansas.[2] Plaintiffs allege that Defendant breached its contract and violated Arkansas state law when Defendant did not refund portions of premiums for credit life or credit premium insurance policies when the policy holder paid off the insured credit earlier than scheduled.[3] Plaintiffs assert that damages in this case will not exceed $4,500,000.[4] Defendant removed the case, alleging that this Court has jurisdiction under the Class Action Fairness Act ("CAFA").[5] After completing limited jurisdictional discovery, Plaintiffs filed the Amended Motion to

---

[1]Doc. No. 17.

[2]Doc. No. 2.

[3]*Id*.

[4]*Id*.

[5]Doc. No. 1; 28 U.S.C. § 1332(d).

Remand that is now pending.[6]

## II.   DISCUSSION

CAFA reads, in relevant part: "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum of value of $5,000,000, exclusive of interests and costs . . . ."[7] "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum."[8] "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact find might legally conclude that the are . . . .'"[9] If the removing party has shown by a preponderance of the evidence that the amount in question is satisfied, then the party seeking to remand must establish to a legal certainty that the amount in question is less than required.[10]

In its Notice of Removal, Defendant provided that it had around 304,115 credit life and credit disability insurance certificates in force or expired for the proposed class period, representing a total of about $75,912,308 in premiums received.[11] Defendant calculated the amount in controversy by multiplying the number of policies that were in force or expired by 87% -- the percent of the premium Plaintiffs allege they are entitled to receive as a refund -- for a

---

[6]Doc. No. 17.

[7]28 U.S.C. § 1332(d)(2).

[8]*Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009).

[9]*Id.* at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

[10]*Id.* at 956.

[11]Doc. No. 1.

total of $65,000,000.[12] Thus, Defendant reasoned, the $5,000,000 CAFA amount in controversy requirement was met.

Plaintiffs' Motion to Remand asserts Defendant's interpretation of the class is "wildly over-inclusive," because Defendant identified all holders of current and expired policies within the class period as potential class members when Plaintiff's proposed class was limited to former insureds.[13] Plaintiffs also point out that while issues of fact and law are similar among the proposed class members, individual damages will vary based on premium amounts and how quickly the underlying credit was paid off.[14]

Plaintiffs bought a credit life insurance policy in connection with the purchase of a car that was financed for seventy-two months.[15] Plaintiffs paid off their car loan after only eight months.[16] Plaintiff maintains other class members will likely have lower damage amounts because class members will not likely have paid off their debt so quickly.[17] Plaintiffs also contend that the Court should decline to exercise jurisdiction in this case because more than 1/3 of the class members, and the primary defendants, are from Arkansas.[18]

Defendant points out that, under the preponderance of the evidence standard, the question

---

[12]*Id.*

[13]Doc. No. 18.

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]*Id.*

[18]*Id.*

is whether a fact finder might legally conclude that damages are greater than the requisite amount.[19] Defendant contends that:

> [E]ven if only 15% of the 304,115 certificates are allegedly due a refund (45,617 policyholders), and even if the refund they are allegedly due represents only 15% of the refund that the named Plaintiffs are allegedly due ($1,257.33 x .15 = $188.60), then the amount of compensatory damages would still be over $8.6 million. Even cutting that figure in half, results in the amount in controversy for CAFA being satisfied when you consider Plaintiffs' claim for interest and for attorneys' fees.[20]

Defendant has not met its burden of showing, by a preponderance of the evidence, that the amount in question in this case is $5,000,000. The evidence is that there are 304,115 current and expired policies with associated premiums of $75,912,308. Defendant argued that even if only 15% of the policyholders asked only 15% of what the named Plaintiffs seek in damages, the jurisdictional amount would be met. Defendant argued further that, even if you halved those numbers, then, considering interest and attorneys' fees, the amount in question is still at least $5,000,000. Argument, however, is not evidence.

Defendant's interpretation of the proposed class is too broad. Plaintiffs' proposed class is "[a]ll former owners of an [sic] Southern Pioneer credit life or credit disability policy whose insured debt was paid off before the scheduled expiration date of coverage but who have not received a refund of unearned premiums."[21] Defendant presented a total number of current and expired policies for the class period, but Plaintiffs' proposed class is limited to former owners. Defendant presented no evidence as to, historically, the percent of policies on which Defendant actually pays; the percent of policies that expire when underlying credit is paid off as scheduled;

---

[19]Doc. No. 19.

[20]*Id.*

[21]Doc. No. 2. Plaintiffs maintain that the proposed class numbers in the thousands.

or the percent of policies in which the underlying credit is paid off early. It seems to me that Defendant would, to some extent at least, track these numbers.

Defendant's argument about the amount of damages is speculative. Defendant's policies were issued through a variety of businesses: motor vehicle dealers; other dealer types (trucks, RVs, boats, motorcycles, tractors); banks; finance companies; mortgage companies; jewelry stores; and furniture dealers. Considering the various businesses through which policies were issued, the premium -- and the amount of damages -- could vary widely with each policy. Also, Defendant admits it is likely atypical for an insured to pay off the underlying credit as quickly as Plaintiffs' did. Further, Defendant improperly included interest into its calculation -- interest cannot be included when determining the amount in controversy in CAFA cases, and only statutory attorneys' fees may be counted.

Because Defendant has not met its burden in proving the amount in controversy, I will not address Plaintiffs' other argument supporting remand.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand is GRANTED. This case is remanded to the Circuit Court of Greene County, Arkansas.

IT IS SO ORDERED this 11th day of December, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE